***********
Upon review of the competent evidence of record with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission finds no good grounds to receive further evidence, or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission modifies the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Purolator Filters North America was insured at the time of the alleged January 2, 2008 injury and Travelers Insurance Company was the carrier on the risk.
3. On January 2, 2008, Plaintiff was employed by the Defendant, Purolator Filters North America, as a mechanic.
4. Plaintiff had a previously accepted Workers' Compensation injury to his neck on September 6, 2001. At that time, Plaintiff was employed by Arvin Meritor with the claim administered by Frank Gates Service Co. The Industrial Commission File Number in that claim is 268070.
5. After the hearing Defendant Purolator Filters NA/Travelers and Plaintiff stipulated to an average weekly wage of $1,028.03, yielding a compensation rate of $685.39.
6. At the hearing, the parties stipulated that a denied hernia claim, Industrial Commission File Number 637864, was not at issue in the present matter.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits by the Deputy Commissioner:
 * Exhibit 1: Pre-Trial Agreement, Industrial Commission Forms, Plaintiff's Medical Records, Plaintiff's Employment File and Discovery Responses;
 * Exhibit 2: Plaintiff's May 20, 2005 Motion for Approval of Medical Treatment with Attachments and Corresponding Order; and *Page 3 
 * Exhibit 3: Defendants Purolator Filters North American and Travelers Insurance Company's December 9, 2009 Motion regarding Mediator's Fees and December 15, 2009 Order by Deputy Commissioner John Schafer.
The following documents were accepted into evidence as Defendants Purolator Filters NA and Travelers Insurance Company's exhibits by the Deputy Commissioner:
 * Exhibit 1: April 3, 2003 Motor Vehicle Accident Report.
 ***********
Based upon the preponderance of the evidence of the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 48 years old. Plaintiff graduated from high school. Plaintiff is currently employed with Defendant-Employer Purolator Filters North America, as a mechanic AA.
2. On September 6, 2001, Plaintiff suffered injuries to his cervical spine while performing his work duties for Defendant-Employer Arvin Meritor. Defendants Arvin Meritor/The Frank Gates Service Co. accepted Plaintiff's injury and initiated medical and indemnity benefits. This injury was the subject of Industrial Commission File Number 268070.
3. An MRI performed on May 3, 2003, revealed spondylitic changes with a broad based disc bulge, osteophyte complex and central disc protrusion which effaced the cord and contributed to mild central canal stenosis. Subsequently, Plaintiff developed pain in his right shoulder, which was diagnosed as a torn rotator cuff. *Page 4 
4. On October 13, 2003, Dr. W. Alexander Huff, an orthopedic surgeon, performed a diagnostic and operative arthroscopy on Plaintiff right shoulder and placed Plaintiff on light duty restrictions after the surgery.
5. On January 16, 2004, Plaintiff presented to Dr. William F. Lestini, an orthopedic surgeon, with cervical and thoracic complaints. Dr. Lestini continued the light duty restrictions, with no lifting over 15 pounds and no overhead work until further evaluation.
6. After undergoing a myelogram, Plaintiff returned to Dr. Lestini on March 16, 2004. Dr. Lestini opined that Plaintiff's main problems were a myofascial thoracic strain and right shoulder pain following the surgery. Dr. Lestini released Plaintiff to return to regular duty.
7. On June 22, 2004, the North Carolina Industrial Commission approved a Form 21 Agreement for Compensation for Disability
for Plaintiff and the self-insured Defendant-Employer, Arvin Meritor, for a 15% permanent partial disability rating to Plaintiff's right shoulder, as assigned by Dr. Huff. Defendant continued to provide ongoing medical treatment for Plaintiff's neck condition.
8. On April 25, 2005, Plaintiff's counsel contacted the self-insured Defendant-Employer, Arvin Meritor, requesting authorization of additional treatment with Dr. Lestini. That request was denied, and Plaintiff's counsel filed a Motion for AdditionalMedical Treatment on May 20, 2005. The Industrial Commission approved Plaintiff's Motion by Order dated July 12, 2005, which required the self-insured Defendant-Employer, Arvin Meritor, to authorize and pay for recommended treatment by Dr. Lestini. Defendants Arvin Meritor/The Frank Gates Service Co. have continued to provide medical treatment since that time.
9. On October 19, 2005, Plaintiff returned to Dr. Lestini for neck pain that occurred with increased activity and some left arm pain with tingling and numbness in the small, ring and *Page 5 
middle fingers of the left hand. Dr. Lestini ordered an EMG, nerve conduction study, and physical therapy.
10. On November 17, 2005, Plaintiff again presented to Dr. Lestini, with complaints of neck pain, headaches and a sign of nerve impingement. A subsequent nerve conduction study did not reveal any radiculopathy from the neck. Dr. Lestini offered Plaintiff the option of elective surgery, a return to work without restrictions, or a modification of work activities with a five percent (5%) disability rating. Plaintiff elected to return to full duty work with Defendant-Employer.
11. On April 20, 2006, Plaintiff returned to Dr. Lestini after undergoing a Functional Capacity Evaluation (FCE), which demonstrated that Plaintiff could perform heavy duty work. Although Plaintiff reported persistent neck pain, Dr. Lestini advised Plaintiff to avoid surgery, if possible. Dr. Lestini released Plaintiff to return to work without restrictions and no disability rating unless Plaintiff's pain became intolerable. If that occurred, Dr. Lestini's medical records reflect that he would place Plaintiff on restrictions of no lifting greater than 30 pounds and assign a 5% disability rating.
12. On December 11, 2007, Plaintiff again presented to Dr. Lestini, with complaints of neck pain and left upper extremity discomfort that had become "somewhat intolerable." Until this time, Plaintiff had continued to work without restrictions. Although Plaintiff discussed treatment options with Dr. Lestini, neither he nor Dr. Lestini decided whether the surgery was necessary. Dr. Lestini ordered an MRI and EMG and released Plaintiff to return to full duty work with no restrictions. *Page 6 
13. Defendant-Employer Arvin Meritor was subsequently purchased by Purolator Filters North America and Travelers Insurance Company became the carrier on the risk as of January 1, 2008.
14. On January 2, 2008, while at work for Defendant-Employer Purolator Filters North American, Plaintiff and a co-worker, Craig Jones, were changing a dye in a machine, by using a pry bar to align it with the press plate. The dye weighed approximately 4,000 pounds. As Plaintiff pushed the dye, he leaned forward and in doing so, felt a pop in his neck, which he described as an "explosion of pain." Plaintiff testified that his pain was in a different location than what he had experienced from his September 6, 2001 injury.
15. On January 2, 2008, Plaintiff informed his co-worker, Craig Jones, that he had hurt his neck and could not finish the changeover. Plaintiff also told Mr. Jones that he was going to find their supervisor, Wayne Yarborough. Shortly thereafter, Plaintiff reported the injury to his supervisor, Wayne Yarborough. Both Mr. Jones and Mr. Yarborough corroborated Plaintiff's testimony, as does the Defendants Purolator Filters North America and Travelers Insurance Company Form 19 Employer's Report of Injury.
16. Plaintiff continued to work his scheduled shift, but limited his activities due to his neck pain.
17. On January 3, 2008, Plaintiff presented for his previously scheduled MRI, which revealed a large paracentral and central disc extrusion that migrated superiorly along the dorsal aspect of C6. This finding contributed to a moderate central canal stenosis with flattening of the anterior spinal cord. Small disc bulges were also noted at C4-5 and C5-6.
18. After January 2, 2008, Plaintiff experienced a significant change in his symptoms and testified that he had to elevate his left arm above his head in an attempt to get some relief *Page 7 
from the neck pain. This was something he had never needed to do in the past. Dr. Lestini testified at his deposition that this is known as an abduction sign and that is how Plaintiff would ease the tension on the nerve root impingement. According to Dr. Lestini, this indicated greater nerve impingement than had been present in the past. Plaintiff also experienced weakness in his left arm and complained of more severe headaches.
19. After the January 2, 2008 work injury, Plaintiff's co-worker, Craig Jones, handled the more physically demanding work tasks that Plaintiff would have performed before his injury. Plaintiff performed many of the lighter duties, including paperwork and inspection-type duties.
20. On February 14, 2008, Plaintiff presented to Dr. Lestini, who opined that the physical findings of Plaintiff's examination indicated a potential spinal cord irritation. This was a different finding from Plaintiff's December 11, 2007 examination. Dr. Lestini now opined that Plaintiff required surgery to have the C6-C7 disc removed and fused. While waiting for the surgery, Plaintiff was allowed to return to work on medium capacity work restrictions.
21. On March 26, 2008, Plaintiff underwent a surgical decompression of the C6-C7 disc. Plaintiff was released from work due to his surgery commencing March 25, 2008.
22. On June 17, 2008, Dr. Lestini ordered an FCE and released Plaintiff with a twenty percent (20%) permanent partial disability rating to his neck, related to the surgical decompression of the C6-C7 herniated disc. The FCE was performed on June 30, 2008, and indicated that Plaintiff was able to work at medium to heavy physical demand level.
23. On July 8, 2008, Plaintiff returned to full duties.
24. Defendants Purolator Filters North America and the Travelers denied Plaintiff's claim by filing a Form 61 Denial of Workers'Compensation Claim, dated July 16, 2008. Defendants Arvin Meritor/Frank Gates Servicing Co. paid for Plaintiff's medical treatment after *Page 8 
the January 2, 2008 injury by accident, including Plaintiff's surgery. In addition, Defendants Arvin Meritor/Frank Gates Servicing Co. paid two weeks of temporary total disability benefits for the period of March 28, 2008, through April 8, 2008, and then denied further indemnity benefits.
25. On the issue of whether Plaintiff's symptoms were related to the September 6, 2001 compensable work injury or the January 2, 2008 work incident, Dr. Lestini testified at his deposition that Plaintiff's condition was markedly different at his February 14, 2008 appointment than it had been at his December 11, 2007 examination, which was Plaintiff's last visit prior to his January 2, 2008 injury. Dr. Lestini testified that at the time of the February 14, 2008 visit, Plaintiff was experiencing spinal cord irritation, which was not previously present. Furthermore, he testified that the mechanics of the January 2, 2008 incident would be consistent with an injury to the spinal cord that would cause spinal cord irritation. Although Dr. Lestini did not have a reference to the incident in his February 14, 2008 note, he opined that if the incident occurred as described, then it more likely than not significantly aggravated Plaintiff's pre-existing neck condition.
26. Dr. Lestini also testified that the second MRI taken on January 3, 2008, one day after Plaintiff's work injury, revealed an increase in the herniation of Plaintiff's cervical spine. As he testified, the scan revealed spinal cord changes that strongly suggested spinal cord impingement, which Plaintiff had not previously experienced.
27. Prior to the February 14, 2008 appointment, Dr. Lestini had not recommended spinal surgery but now, because of the spinal cord changes, he opined that surgery was required.
28. Defendants Purolator Filters North America and Travelers Insurance Company hired Dr. Robert Lacin, a neurosurgeon, to perform a records review of Plaintiff's medical *Page 9 
records. Based on the record review, Dr. Lacin opined at his deposition that Plaintiff's condition was a continuation of his September 6, 2001 injury. Dr. Lacin based his opinion on the fact that Plaintiff's condition was worsening over time and there was no recent MRI prior to the January 3, 2008 MRI for comparison.
29. With regard to the medical testimony, the Full Commission gives greater weight to the opinions of Dr. Lestini than that of Dr. Lacin, as Dr. Lestini was more familiar with Plaintiff's condition, having treated Plaintiff from 2004 through 2008 and having performed Plaintiff's cervical surgery, while Dr. Lacin only reviewed Plaintiff's medical records.
30. There were some inconsistencies in the testimony regarding when Plaintiff reported his work injury. Wayne Yarborough, Plaintiff's supervisor testified at the hearing before the Deputy Commissioner that he could not remember the exact date on which Plaintiff injured his neck, but he did remember that Plaintiff reported injuring his neck while changing a dye. Mr. Yarborough testified he accompanied Plaintiff to speak with Theresa Noland, the Human Resources Coordinator for Defendant-Employer Purolator Filters North America to report the injury. Normally an accident report would have been completed, but since Plaintiff had a prior workers' compensation claim, they wanted to speak with Ms. Noland to determine the appropriate action. Mr. Yarborough testified that Plaintiff had a doctor's appointment the next day and thought that the results of the appointment may be helpful in determining whether Plaintiff's symptoms were related to the September 6, 2001 work injury or his more recent one. The preponderance of the evidence of record confirmed that Plaintiff had a January 3, 2008 appointment scheduled with Dr. Lestini, the day after Plaintiff reported his injury to Mr. Yarborough. *Page 10 
31. Teresa Noland testified at her deposition that Plaintiff did not report the January 2, 2008 injury to her until March 3, 2008. However, Plaintiff and Mr. Yarborough both testified they went straight to the Human Resources Department after the injury.
32. Based on the preponderance of the evidence of the record, the Full Commission finds that Plaintiff's account of when his injury occurred to be reasonable and supported by the testimony of his supervisor, Wayne Yarborough, and gives little weight to any inconsistency.
33. Based on the preponderance of the evidence of the record, the Full Commission finds that it is uncontroverted that Plaintiff had pre-existing cervical symptoms prior to the January 2, 2008 work incident, which were gradually worsening. However, the preponderance of the evidence of record reveals, and the Full Commission finds, that on January 2, 2008, Plaintiff sustained an injury by accident in the form of a specific traumatic incident, when he was changing the dye in the machine.
34. Based on the preponderance of the evidence of the record, the Full Commission finds that Plaintiff's total disability for the period of March 25, 2008 through July 8, 2008, is a proximate result of his work-related cervical spine injury he sustained on January 2, 2008.
35. Based on the preponderance of the evidence of the record, the Full Commission finds that during the period Plaintiff was out of work, he received short-term disability benefits which were wholly funded by Defendant-Employer, Purolator Filters North America.
36. Based on the preponderance of the evidence of the record, the Full Commission finds that as a result of Plaintiff's January 2, 2008 injury, that Plaintiff has sustained a twenty percent (20%) permanent partial impairment to his cervical spine.
37. Based on the preponderance of the evidence of the record and the credible medical evidence of record, the Full Commission finds that Plaintiff's medical treatment after the *Page 11 
January 2, 2008, work incident, including, but not limited to, the surgical decompression of the C6-C7 disc on March 26, 2008, has been reasonably necessary, and is a proximate result of the injury he suffered on January 2, 2008.
38. As the Full Commission finds that Plaintiff sustained an injury by accident on January 2, 2008, when he was changing the dye in the machine, the issue of whether Plaintiff's claim is time barred pursuant to N.C. Gen. Stat. § 97-47 is not addressed in this Opinion.
39. Defendants Purolator Filters North America and Travelers Insurance Company did not defend this matter without reasonable grounds.
 ***********
Based upon the foregoing Stipulations, and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On January 2, 2008, Plaintiff sustained a compensable injury by accident in the form of specific traumatic incident to his cervical spine, arising out of and in the course of his employment with Defendant-Employer Purolator Filters North America. N.C. Gen. Stat. § 97-2(6).
2. As a direct and proximate result of Plaintiff's compensable injury by accident on January 2, 2008, Plaintiff was unable to earn the same or greater wages as he was earning in the same or any other employment for the period of March 25, 2008 through July 8, 2008. As a result, Plaintiff is entitled to receive ongoing temporary total disability compensation at the rate of $685.39 per week for this period. N.C. Gen. Stat. § 97-29. *Page 12 
3. As a direct and proximate result of Plaintiff's compensable injury by accident on January 2, 2008, Plaintiff sustained a twenty percent (20%) permanent partial impairment to the back (neck). N.C. Gen. Stat. § 97-31(23).
4. As a direct and proximate result of Plaintiff's compensable injuries by accident on January 2, 2008, Plaintiff is entitled to all medical expenses incurred or to be incurred for his cervical spine for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen Plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. Defendant-Employer Purolator Filters North America is entitled to a credit for any short-term disability benefit payments made to Plaintiff, from a plan wholly funded by Defendant-Employer. N.C. Gen. Stat. § 97-42.
6. Plaintiff's legal counsel has provided valuable legal services and a reasonable attorney's fee should be approved. N.C. Gen. Stat. § 97-90.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to an attorney's fee hereinafter approved, Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America shall pay temporary total disability compensation to Plaintiff at the rate of $685.39 per week for the period of March 25, 2008 through July 8, 2008.
2. Subject to an attorney's fee hereinafter approved, Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America shall pay *Page 13 
permanent partial disability compensation to Plaintiff for his twenty percent (20%) impairment to his cervical spine for 60 weeks at the rate of $685.39 per week, totaling $41,123.40.
3. Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America shall pay all past and future medical expenses incurred or to be incurred as a result of Plaintiff's compensable injury by accident to his cervical spine for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen Plaintiff's period of disability.
4. With respect to those amounts of temporary total disability compensation and medical benefits which Defendants Arvin Meritor/Frank Gates Service Company has already paid, Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America Company shall fully reimburse Defendants Arvin Meritor/Frank Gates Service Company.
5. Defendant-Employer Purolator Filters North America is entitled to a credit for any short-term disability benefit payments made to Plaintiff, from a plan wholly funded by Defendant-Employer.
6. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation due Plaintiff under Paragraphs One and Two of this Award is approved for Plaintiff's counsel and shall be paid by Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America as follows: twenty-five percent of the compensation which has accrued shall be paid directly to Plaintiff's counsel.
7. Defendant-Carrier Travelers Insurance Company on behalf of Defendant-Employer Purolator Filters North America shall pay the costs.
This the __ day of August 2011. *Page 14 
 S/_____________________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/_____________________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1